Louis L. Friedman, J.
Heretofore the court preferred this action under rule 151 of the Rules of Civil Practice and set the matter down for trial for April 1, 1957 at Trial Term Part I. The preference was also granted under rule 8 of the Trial Term Rules of . this, court. By letter written to this court under date of December 22, 1956, the attorney for the defendant pointed out that - another Justice of this court refused to granj; a rule 9 preference and asks that the court reconsider its determination setting this matter down for April 1, 1957 for trial.
This is a case where plaintiff sues for personal injuries sustained as a result of the negligence of the defendant in the man *1069 ner in which it owned, maintained and operated a certain elevator located in a building in New York City. Plaintiff contends, and there seems to be no dispute, that he was on an elevator which fell four flights. Plaintiff claims that as a result of the accident he sustained a spinal cord injury, with paralysis of his left extremity and the entire left side of his body, a rupture of his left knee, a fracture of the capitate bone and other serious injuries. Plaintiff contends that although he was not hospitalized immediately after the accident happened (Jan. 21, 1955), he was obliged to go to the hospital in the early part of 1956 and was there confined for three weeks. When the matter came before this court for pretrial conference, the defendant’s attorney indicated that he would make no offer of settlement because his client was uninsured.
In the interests of justice, and since there seemed to be very little question that at least prima facie the defendant was liable for this accident, the court felt that the defendant should not have the lapse of time between the present time and the time when the case would ordinarily be reached upon the calendar of this court, and within which time there was a possibility that any judgment which plaintiff might subsequently secure would be worthless. Accordingly, the court set the matter down for trial for April 1, 1957 and such determination was made under rule 8 of the Trial Term Rules of this court.
The court is of the opinion that the Justice who did not grant the rule 9 preference apparently did not have all of these facts before him. This court reiterates its decision that in the interests of justice this case should be speedily tried, with the end in view that if plaintiff is successful in securing a judgment, he should at least have an opportunity to collect it. The matter is therefore set for trial for April 1, 1957 in Trial Term Part I of this court. Submit order.